**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

DEBORAH MILLER,

    Plaintiff,

v.                                     CIVIL ACTION NO.

HOFFMAN WEINBERG & O'BRIEN, LLC

    Defendant.

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

DEBORAH MILLER ("Plaintiff"), through her attorneys, KROHN & MOSS, LTD., alleges the following against HOFFMAN WEINBERG & O'BRIEN, LLC ("Defendant"):

**INTRODUCTION**

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*. (FDCPA).

2.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**JURISDICTION AND VENUE**

3.    Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4.    Defendant conducts business in the state of Maryland, and therefore, personal jurisdiction is established.

5.    Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Sykesville, Caroll County, Maryland and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

7. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is a corporation located in Buffalo, New York.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

10. Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment of an alleged debt owed by another "Deborah Miller".

11. Defendant called Plaintiff approximately two (2) times a day for about two (2) years.

12. Defendant called Plaintiff's home phone, (443) 609-4726.

13. Plaintiff informed Defendant several times that they were calling the wrong "Deborah Miller". Despite this information, Defendant continued to call Plaintiff.

14. On June 2, 2011, Defendant's representative, Suzette Daniels, called Plaintiff's father at (717) 637-8445 and informed him that a lawsuit had been filed against Plaintiff and that Plaintiff needed to return the call.

15. Plaintiff returned Defendant's agent, Suzette Daniels's, call and was provided with case number 70024.

16. Plaintiff again informed Defendant that they are calling the wrong person and asked

2

that Defendant cease and desist all calls to her parents.

17.     In response to Plaintiff's request, Defendant informed Plaintiff that her parent's telephone number could not be removed from their call list and further refused to provide Plaintiff with any information about the debt or about the alleged lawsuit against Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18.     Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692c(b)* of the FDCPA by communicating with Plaintiff's father in connection with the collection of Plaintiff's debt.

   b. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;

   c. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;

   d. Defendant violated §1692e(5) of the FDCPA by using false and deceptive means to collect a debt when Defendant misrepresented that a lawsuit had been file against Plaintiff when such action has not been taken;

   e. Defendant violated §1692e(10) of the FDCPA by using false and deceptive means to collect a debt when Defendant called Plaintiff's father and informed him that a lawsuit had been filed against Plaintiff and that Plaintiff needed to return a call.

WHEREFORE, Plaintiff, DEBORAH MILLER, respectfully requests judgment be entered against Defendant, HOFFMAN WEINBERG & O'BRIEN, LLC, for the following:

19. Statutory damages of $1,000.00, pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*;

20. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*; and

21. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By:  /s/ Fredrick Nix
Fredrick E. Nix, Esq.
Law Office of Fredrick E. Nix, P.C.
Local Counsel for Krohn & Moss, Ltd.
240 South Potomac Street, Suite 203
Hagerstown, MD  21740

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DEBORAH MILLER, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF MARYLAND

COUNTY OF CAROLL)

Plaintiff, DEBORAH MILLER, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, DEBORAH MILLER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_6-10-11_
Date

_Deborah Miller_
DEBORAH MILLER

5