IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| DEBORAH MILLER<br><br>    Plaintiff<br><br>vs.<br><br>HOFFMAN, WEINBERG & O'BRIEN, LLC<br><br>    Defendant | CIVIL ACTION NO.: 1:11-CV-01740-BEL |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S PETITION FOR ATTORNEY FEES**

Defendant, Hoffman, Weinberg & O'Brien, LLC, by and through counsel, hereby files its Objection to Plaintiff's Request for Attorney Fees and states as follows:

**I.**    **BACKGROUND**

Plaintiff, Deborah Miller, filed suit against Defendant Hoffman, Weinberg & O'Brien, LLC under the Fair Debt Collection Practices Act ("FDCPA") seeking only statutory damages, costs and attorney fees. Undersigned counsel entered an appearance for the Defendant (DE 4) and served Plaintiff's counsel with an offer of judgment for $1,001.00, $1.00 more than the maximum statutory damages allowed by the 15 U.S.C. §1692k plus costs "together with reasonable fees as determined by the Court." (DE 6 at p. 3). On August 31, 2011, this Honorable Court sent a memorandum to counsel approving the entry of judgment and setting a hearing for September 13 to determine the issue of reasonable attorney fees and costs. (DE 7).

Although the parties exchanged communications regarding an offer to settle the fee issue, no agreement was reached. Thereafter, Plaintiff's counsel filed the following documents in support of their request for attorney fees:

1

    A)       A declaration of Frederick E. Nix, Esquire certifying that he opened a law office in Hagerstown, Maryland in 2010 with a focus on consumer bankruptcy law (DE 8-1) together with a time record asserting that he spent 1.1 hours working on this case for the Plaintiff. (DE 8 at p. 1).

    B)       A declaration of Nicholas J. Bontrager (DE 8-2), an attorney licensed to practice law in the State of California, who is neither a member of the State of Maryland Bar nor a member of the Bar of this Court, together with a time record affirming that he spent 8.0 hours working on this case for the Plaintiff. (DE 8-2 at p. 3)

    C)       An unverified "ALM Research 2007 NLJ Billing Survey" listing rates for law firms throughout major metropolitan areas in the country, only one of which (Miles & Stockbridge) is located in Maryland. (DE 8-3)

## II. PLAINTIFF'S REQUEST FOR ATTORNEY FEES SHOULD BE DENIED FOR FAILURE TO COMPLY WITH THE PROVISIONS OF APPENDIX B OF THE LOCAL RULES OF THIS COURT

Appendix B, Part 1.D of the Local Rules of this Court requires that a fee application be accompanied by time records submitted in a format organized by the phases of the litigation which include: "(i) case development; background investigation and case administration; (ii) pleadings; (v) motions practice; (x) fee petition preparation".[1] Plaintiff is duty bound to comply with this rule. *See*, Coulibaly v. J.P. Morgan Chase Bank, N.A., 2011 WL 3476994, *24 (D. Md. Aug. 8, 2011) ("compliance with the local rules is not optional.")  Plaintiff's fee petition (DE 8 at pp. 2-3) is not organized in the manner required by the Local Rules and is therefore filed in contravention of this mandatory requirement.  Because the instant fee petition is contrary to the requirements of the rules of this Court, the request for Attorney Fees should be denied in its entirety.

---

[1] The remaining listed categories do not apply to the work done in this case.

**III.   THE REQUEST FOR ATTORNEY FEES BY NICHOLAS J. BONTRAGER, AN ATTORNEY NOT LICENSED TO PRACTICE IN THIS COURT, NOR ADMITTED PRO HAC VICE FOR THIS CASE, SHOULD BE DENIED**

Mr. Bontrager, a California attorney, claims that he is an associate attorney with the law firm of Krohn & Moss, Ltd. (DE 8-2, ¶ 5) and avers that the time entries in this matter were recorded "in the ordinary course of business of Krohn & Moss, Ltd." (DE 8-2, ¶ 12.) [2] Although Local Rule 101.1.b permits an attorney who is not a member of the bar of this Court but a member of any other United States Court to seek permission to appear on a *pro hac vice* basis, Mr. Bontrager did not seek admission. Had he done so and has his application been approved, his appearance as an attorney admitted *pro hac vice* would have subjected him to the "disciplinary jurisdiction of this Court" Local Rule 101.1.b.

The record shows that Mr. Nix entered his appearance for Ms. Miller as counsel of record in this case and in his signature line disclosed that he was "local counsel for Krohn and Moss". The verified time records file by Plaintiff's counsel (DE 8) reveals that Mr. Bontrager performed all the substantive work on this case and that Mr. Nix merely acted as his scrivener. Mr. Bontrager received an initial inquiry from the Plaintiff and consulted with her on May 31, 2011.[3] Mr. Bontrager followed up with a further interview with Ms. Miller on June 2, 2011 and then drafted the Complaint on June 7, 2011. After drafting the Complaint, Mr. Bontrager sent a pre-litigation demand to the Defendant on June 13, 2011 and reviewed correspondence from the Defendant on June 15, 2011. Thereafter, Mr. Bontrager reviewed the Defendant's filings in this case (8/15/11). When Defendant made an offer of judgment, Mr. Nix forwarded the document to Mr. Bontrager who engaged in a discussion with Ms. Miller regarding the offer (8/17/11). On the same date, Mr. Bontrager prepared the notice accepting the offer of judgment and his August 17,

---

[2] According to its website, www.krohnandmoss.com, last accessed on Sept. 12, 2011, Krohn and Moss has offices in 38 states and the District of Columbia, but has no office in Maryland. (Exhibit 1)

[3] All dates and work performed referred to herein are reflected on the time records submitted by counsel. (DE 8)

2011 time entry states that he "filed notice of acceptance of offer of judgment". One week later, Mr. Bontrager prepared a fee demand to the Defendant (8/24/11).[4] Finally, Mr. Bontrager and not Mr. Nix prepared the fee petition documents. (8/30/11).

There does not appear to be a controlling Fourth Circuit case as to the proposition advanced here that an attorney who is not a member of the Bar of this Court and who has not been admitted *pro hac* vice cannot recover fees from this Court. The Ninth Circuit Court of Appeals addressed this issue in a 2-1 decision in Winterrowd v. American General Annuity Ins. Co., 556 F 3d 815 (9th Cir. 2009). Given the control exercised by Mr. Bontrager here, the rationale of the dissenting opinion in Winterrowd should persuade this Court not to allow Mr. Bontrager any fees. As Judge Rymer explained in opining that fees for a Oregon lawyer with 45 years of experience who had served as a President of the Oregon State Bar should not be allowed:

> admission requirements are important. Perhaps they appear 'draconian,' as the majority puts it, when applied to preclude fees for an experienced attorney … (b)ut there is reason for admission requirements that extends beyond any individual attorney. There is no distinguished lawyer, or draconian result, exception. Admissions requirements serve the legitimate interest of ensuring that all attorneys practicing before the courts 'clear the standard required' by the respective state bar associations.

Winterrowd at 833-34 (Rymer, J. concurring in part, dissenting in part). Although Winterrowd involved a state law cause of action, the fact that this case arises under Federal law should not be dispositive as Mr. Bontrager is neither a member of the Bar of this Court nor did he seek admission in this matter.

In addition, neither affidavit filed in this case discloses whether the Plaintiff entered into a retainer agreement with Krohn and Moss or Mr. Nix. The Court is therefore left to speculate as to the identity of the attorney who was retained by the Plaintiff and whether Ms Miller had an

---

[4] Mr. Nix has an entry on 8/17/11 stating he reviewed the demand. He could not have done so on that date since the demand was not prepared until 8/24/11.

attorney/client relationship with either Mr. Nix or Mr. Bontrager, a factor of critical importance in awarding fees under a fee-shifting statute. See, Bond v. Blum 317 F. 3d 385,398 (4th Cir. 2003)( "Congress contemplated an attorney-client relationship as a predicate for an award" in a fee-shifting case).

For these reasons, this Court should deny the Request for Attorney Fees submitted by Mr. Bontrager in their entirety.

**IV.   EVEN IF THIS COURT IS INCLINED TO AWARD ATORNEY FEES, THE HOURLY CHARGE REQUESTED IS EXCESSIVE**

Mr. Bontrager has been a member of the California Bar since 2007. Mr. Nix has been engaged in a private practice since 2010. This Court's guidelines regarding hourly rates set out in Appendix B.3 to the Local Rules suggests that lawyers who have been admitted to the bar for less than five years should be compensated at between $150.00 and $190.00 per hour. Although these rates are not binding on the Court but are instead intended to provide "practical guidance to lawyers and judges" (Appendix B at fn. 6), Plaintiff has not offered any reason why this Court should vary from the guidelines in this case. Further, Mr. Bontrager's affidavit, which sets out awards of fees in a different court, fails to meet Plaintiff's burden to establish the "prevailing market rate of attorney fees in the relevant community where the district court sits." Robinson v. Equifax Information Services, LLC, 560 F.3d 235, 244 (4th Cir. 2009). Therefore, even if this Court is inclined to award any fees, the hourly rate should be assessed under this Court's guidelines.

**V.   TO THE EXTENT THIS COURT IS INCLINED TO AWARD PARALEGAL FEES, THOSE FEES SHOULD BE LIM ITED TO LEGAL RELATED WORK AND BASED ON THIS COURT'S FEE GUIDELINES**.

Plaintiff seeks fees for paralegal/clerk work at the rate of $125.00 per hour, an amount in excess of this Court's guidelines which start at $95.00 per hour. Further, many of the entries for paralegal time are for clerical work such as filing with the Court's ECF system, tasks which are not deemed compensable. See, e.g. Dobina v. Carruthers 2010 WL 1796345 *4 (N.D.Ohio, May 3, 2010). For these reasons, this Court should either disallow the paralegal fees in their entirety or limit the hourly rate to this Court's guidelines.

## VI. CONCLUSION

For all these reasons, Defendant asks that Plaintiff's Petition for Attorney Fees be denied.

THE LAW OFFICES OF RONALD S. CANTER, LLC

/s/ Ronald S. Canter
Ronald S. Canter, Esquire
11300 Rockville Pike, Suite 1200
Rockville, MD 20852
Telephone:  301-770-7490
Facsimile:  301-770-7493
E-Mail:  rcanter@roncanterllc.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by Electronic Notification pursuant to ECF procedures on this 12th day of September, 2011 to:

>Frederick E. Nix, Esquire
>Law Office of Frederick E. Nix, P.C.
>Local Counsel for Krohn & Moss, Ltd.
>240 South Potomac Street, Suite 203
>Hagerstown, MD  21740
>Attorney for Plaintiff


 /s/ Ronald S. Canter
Ronald S. Canter, Esquire
Attorney for Defendant