UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**BENSON EVERETT LEGG**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0723

September 26, 2011

MEMORANDUM TO COUNSEL RE: Miller v. Hoffman, Weinberg & O'Brien, LLC
Civil No. L-11-1740

Dear Counsel:

On August 31, 2011, the Court approved the parties' stipulation of judgment against the Defendant pursuant to Rule 68. *See* Docket No. 7. Thereafter, on September 13, 2011, the Court convened a hearing on the issue of reasonable attorneys' fees to be awarded to Plaintiff's counsel. The Defendant objected to the amount of fees sought, arguing that the hourly rate charged was excessive. The Defendant also pointed out that one of Plaintiff's attorneys, Nicholas J. Bontrager, is neither a member of the bar of this Court nor admitted *pro hac vice*, and argued that his fees should be denied on that basis.

An attorney not admitted to the bar of the United States District Court for the District of Maryland must seek admission *pro hac vice*, even if that attorney is working in conjunction with local counsel. *See* Local Rule 101.1.b (D. Md. 2011). When applying for *pro hac* admission, the attorney must include a certification as to the number of times he has been admitted in the past 12 months, and identify any other active cases in which he is participating. Generally, an attorney will not be granted *pro hac vice* admission more than three times in any 12-month period.

The *pro hac vice* admission requirement is an important one. It informs the Court of the identities of the attorneys who are active in a case, allows it to track and limit the number of times an attorney may appear without formally moving for admission, and subjects the attorney to the disciplinary jurisdiction of the Court. An attorney may not circumvent this rule by utilizing local counsel but never entering his own appearance, and any attorney who attempted to do so would properly be denied fees to which he might otherwise be entitled.

In this case, however, the Court is satisfied that Mr. Bontrager's failure to move for *pro hac* admission and to enter his appearance were the result not of negligence or deception, but simply the unusual speed with which the case proceeded. The Defendant never filed an answer or a motion to dismiss in response to the Plaintiff's Complaint. Rather, it submitted a Rule 68 Offer of Judgment, which the Plaintiff promptly accepted. Very little work was done on the case, and what work there was consisted mainly of preliminary document preparation and finalizing the settlement. The attorneys' fees sought are relatively modest. The next time he files a case in this Court Mr. Bontrager should, in addition to securing local counsel, promptly move for *pro hac* admission and enter his appearance.[1] Because his failure to do so on this occasion was innocent, he will not be denied compensation for the work he has performed.

The Court will, however, reduce the amount of fees slightly. The Local Rules provide for a lodestar rate of $150–$190 per hour for attorneys with less than five years of experience. *See* Local Rule B3.a (D. Md. 2011). Mr. Bontrager was admitted to the California bar in 2007, and so falls into this category. While the lodestar rates are not binding, the Court finds them to be a reasonable guide in this case. Mr. Bontrager's rate will be reduced to $190 per hour from the $250 per hour claimed.

---

[1] If his next appearance is within 12 months, Mr. Bontrager should list this case as a prior matter in which he has participated in this Court.

The Defendant also disputes the $250 per hour charged by Plaintiff's local counsel, Frederick Nix. While Mr. Nix opened his own law practice in 2010, he has certified that he has been a practicing member of the bar for approximately 10 years. The lodestar rate for attorneys with nine to 14 years of experience is $225–$300 per hour. Based on this range, the Court finds that the rate claimed by Mr. Nix is reasonable.

Finally, the Defendant takes issue with the amount charged for paralegal work. It is well established that the billable time of a paralegal is recoverable only for those tasks that might otherwise be performed by an attorney, and not for clerical tasks such as typing or filing of motions. *See, e.g., Hyatt v. Barnhart*, 315 F.3d 239, 255–56 (4th Cir. 2002). Upon review of the billing records submitted by the Plaintiff, the Court finds that they do include certain clerical tasks that are more properly classified as overhead than recoverable attorneys' fees. The Court will, therefore, reduce the amount of paralegal time that Plaintiff's counsel may recover from 2.8 hours to 2.2 hours. Guided by Local Rule B3.a, the Court will also reduce the applicable rate from $125 per hour to $110 per hour.

In accordance with the foregoing, the Court hereby awards Plaintiff's counsel costs and reasonable attorneys' fees as follows:

- Fredrick Nix              1.1 hours * $250/hour    =    $275
- Nicholas Bontrager        8.0 hours * $190/hour    =    $1,520
- Paralegal/Clerk           2.2 hours * $110/hour    =    $242
- Cost of filing                                          $350
- Cost of service                                         $55

**Total**                                                 **$2,442**

The Clerk is directed to enter final judgment in favor of the Plaintiff and against the Defendant in the amount of $1,001.00, plus costs and fees in the amount of $2,442.00.

Despite the informal nature of this memorandum, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

Very truly yours,

Benson Everett Legg